## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**MARY CENAC,**

                                *Plaintiff*:        :

                                        **v.**           :         **CIVIL DOCKET FOR CASE #:**

**UNITED STATES POSTAL SERVICE**

                                  :

                              *Defendant*         :

## FEDERAL JURISDICTION AND VENUE

1.     Pursuant to §39 U.S.C. 409, the U.S. District Courts have original jurisdiction in lawsuits brought against the United States Postal Service.

2.     Pursuant to §28 U.S.C. 1391, the venue is proper in the Eastern District of New York because the motor vehicle accident occurred within the Eastern District of New York.

## COMPLIANCE WITH THE CLAIMS PROCEDURE

3.     That the Defendant **United States Postal Service** (hereinafter referred to as "**U.S.P.S.**") was served with an administrative claim pursuant to Federal Torts Claims Act on or around November 5, 2021.

4.     The **U.S.P.S.** rejected the claim in its May 9, 2022 letter, and Plaintiff has exhausted her administrative remedies before filing suit and after six months elapsed from November 5, 2021, pursuant to § 28 USC  2675.

5.     That at all times herein mentioned **NATASHA ALEXANDER** (hereinafter referred to as ("**ALEXANDER**")  was acting within the scope and the course of her employment and agency with Defendant **U.S.P.S.** at all times and places set forth in this Complaint.

6.      That **ALEXANDER** was authorized and permitted to operate a motor vehicle to perform her duties on behalf of defendant **U.S.P.S.**, more specifically a Box Truck, bearing New York State license plate number 7531179.

7.      That **ALEXANDER** was the agent, servant, and employee of Defendant **U.S.P.S.**, and each and every act or omission set forth herein was performed or omitted to be performed within the course of the scope of **ALEXANDER'S** employment and agency with the **U.S.P.S.**

8.      That at all times hereinafter mentioned, herein, Plaintiff **MARY CENAC** (hereinafter referred to as "CENAC ") was and still is a resident of the State of New York, Kings County.

9.      That at all times hereinafter mentioned, Plaintiff **CENAC** was and is over the age of 18 years old.

10.      That on November 14, 2020, at or about 9:00 a.m., Plaintiff **CENAC** was operating a 2007 Jeep S.U.V. bearing  New York State license plate number JCE6406.

11.      That at all times hereinafter mentioned,  **ALEXANDER** was and is over the age of 18 years old.

12.      That Defendant **U.S.P.S.** is a federal agency.

13.      That **ALEXANDER** was an employee of the **U.S.P.S.** at the time of this incident.

14.      That at all times mentioned herein, **ALEXANDER** is a resident of Kings County, State of New York.

15.      That at all times hereinafter mentioned, the Box Truck bearing New York State license plate number 7531179 was owned by Defendant **U.S.P.S.**

16.      That at all times hereinafter mentioned,   **ALEXANDER** was operating the Box Truck with New York State license plate number 7531179.

17.     That at all times hereinafter mentioned, **ALEXANDER** was operating the Box Truck, bearing New York State license plate number 7531179 with the permission and consent of its owner, Defendant **U.S.P.S.**

18.     On November 14, 2020, there was a two-vehicle collision, involving Plaintiff **CENAC's** 2007 Jeep with New York state license plate number JCE 6406 and the Box Truck owned by USPS and operated by **ALEXANDER** at or near Montrose Avenue and Manhattan Avenue in Kings County, State of New York.

19.     That said vehicular collision occurred when the aforesaid vehicle which was owned by Defendant **U.S.P.S.** and operated by **ALEXANDER** negligently collided with Plaintiff's vehicle, solely due to Defendant's carelessness, negligence, and recklessness.

20.     That **ALEXANDER** failed to use reasonable care under the circumstances in order to avoid the subject vehicular collision, thereby solely causing the collision.

21.     That **ALEXANDER** was careless and negligent, thereby causing the collision.

22.     That **ALEXANDER** and Defendant **U.S.P.S.** violated the New York Vehicle and Traffic Law, including §§1110, 1111, 1122, 1124, 1125, 1126, 1128, 1131, 1140, 1180, 1192, 1212, and 1225-c as well as the Traffic Rules of the City of New York.

23.     That as a result of the said collision, all of the involved motor vehicles sustained vehicular damage.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF

24.     Plaintiff **CENAC** repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as though set forth at length herein.

25.     That the aforesaid collision was solely caused by **ALEXANDER**'s negligence.

26.     That the aforesaid collision was caused by **ALEXANDER**'s recklessness.

27.     That the aforesaid collision was caused by **ALEXANDER**'s carelessness.

28.     At all times hereinafter mentioned, Defendant **U.S.P.S.** is vicariously liable for **ALEXANDER's** careless, negligent, and reckless conduct under the doctrine of *Respondeant Superior*.

29.     That as the registered owner of the vehicle, Defendant **U.S.P.S.** is also responsible for **ALEXANDER**'s conduct in accordance with New York State V.T.L. §388.

30.     That Plaintiff **CENAC** shares no comparative fault and displayed no want of care for the subject collision.

31.     That as a direct result of **ALEXANDER's** carelessness, negligence, and/or recklessness, Plaintiff **CENAC** was rendered sick, lame, unable to work, and suffered mental anguish, emotional distress, pain, suffering, and loss of enjoyment in her life.

32.     That Plaintiff **CENAC** was seriously and permanently injured under New York Insurance Law §5102(d) solely as a result of **ALEXANDER's** carelessness, negligence, and/or recklessness.

33.     That Plaintiff **CENAC** will require medical attention for the rest of her life as a result of her aforesaid serious and permanent injuries.

34.     That as a direct result of **ALEXANDER's** negligence, carelessness, and/or recklessness, Plaintiff **CENAC** sustained economic damages above basic economic loss under New York Insurance Law §5104.

35.     That at all times hereinafter; mentioned, Plaintiff **CENAC** was gainfully employed and that as a proximate cause of her injuries, she suffered a loss of earnings and will continue to suffer a future loss of earnings and/or earning capacity, in an amount unknown at this time and Plaintiff is seeking damages for such other and further relief as this Court deems just and proper.

36.     That this action falls under one or more of the exceptions of Article 1602 of the New York CPLR.

## DEMAND FOR JURY

37.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff **MARY CENAC** demands a trial in the above-entitled matter by a jury on all issues to which Plaintiff is entitled.

**WHEREFORE**, Plaintiff **MARY CENAC**, demands judgment against Defendant **UNITED STATES POSTAL SERVICE**, and each of them as follows:

1.  For past and future pain and suffering related to personal injuries, including loss of enjoyment of life.

2.  For past and future medical expenses, and related expenses, according to the proof.

3.  For past and future loss of earnings and loss of earning capacity, according to proof.

**WHEREFORE**, Plaintiff **MARY CENAC** demands judgment against  Defendant **UNITED STATES POSTAL SERVICE**, together with costs and disbursements of this action, and such other and further relief that this Court deems just and proper.

Dated: Brooklyn, New York
           May 18, 2022

                                        **CHERNYY & ASSOCIATES, P.C.**

                                        By: _____
                                        Dmitriy Chernyy, Esq.
                                        *Attorneys for Plaintiff*
                                        **MARY CENAC**
                                        1901 Emmons Avenue, Suite 201
                                        Brooklyn, New York 11235
                                        Tel.: 718-682-3939
                                        Fax.: 718-682-3444